UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

RONALD BURKE, )
  )
　　　Plaintiff, )
  )
v. )  CIVIL ACTION NO. 04 10509 REK
  )
HOYT CORPORATION AND )
BENEFIRST LLC, )
  )
　　　Defendants. )

## ANSWER OF THE DEFENDANT BENEFIRST LLC

Now comes the defendant BeneFirst LLC and answers the Complaint, by corresponding numbered paragraph, as follows:

1. Paragraph 1 contains no allegations of fact to which a response is required. To the extent that it deemed to contain allegations of fact those facts are denied.

2. Neither admitted nor denied for lack of sufficient knowledge and information.

3. Neither admitted nor denied for lack of sufficient knowledge and information.

4. Admitted.

5. Neither admitted nor denied for lack of sufficient knowledge and information.

6. Neither admitted nor denied for lack of sufficient knowledge and information.

### COUNT I – BREACH OF CONTRACT

7. The defendant repeats its responses to paragraphs 1 through 6 of the Complaint and incorporates them herein by reference as if fully set forth.

8. Neither admitted nor denied for lack of sufficient knowledge and information.

9. Neither admitted nor denied for lack of sufficient knowledge and information.

10. Denied.

11. Neither admitted nor denied for lack of sufficient knowledge and information.

12. Neither admitted nor denied for lack of sufficient knowledge and information.

13. Neither admitted nor denied for lack of sufficient knowledge and information.

14. Admitted.

15. Denied.

16. Denied.

17. Denied.

## COUNT II – FRAUDULENT MISREPRESENTATION

18. The defendant repeats its responses to paragraphs 1 through 17 of the Complaint and incorporates them herein by reference as if fully set forth.

19. Denied.

20. Denied.

21. Admitted.

22. Denied.

23. Neither admitted nor denied for lack of sufficient knowledge and information.

24. Denied.

## COUNT III – CHAPTER 93A

25. The defendant repeats its responses to paragraphs 1 through 23 of the Complaint and incorporates them herein by reference as if fully set forth.

26-28   Paragraphs 26-28 relate to the defendant Hoyt Corporation and, as such, the defendant BeneFirst has no obligation to respond. To the extent that BeneFirst is deemed to have an obligation to respond, the factual allegations are neither admitted nor denied for lack of sufficient knowledge and information.

The defendant denies that the plaintiff is entitled to the relief requested in the concluding, unnumbered paragraph of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The process employed by the plaintiff was insufficient.

### THIRD AFFIRMATIVE DEFENSE

The service of process was insufficient.

### FORTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff has not been adversely affected or otherwise damaged by any acts or omissions of BeneFirst.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims are premature and not ripe for judicial determination.

### SEVENTH AFFIRMATIVE DEFENSE

The defendant's performance under the terms of the alleged contract was excused by the plaintiff's material breach of the alleged contract.

### EIGHTH AFFIRMATIVE DEFENSE

The defendant's performance under the terms of the alleged contract was excused.

### NINTH AFFIRMATIVE DEFENSE

The alleged contract is unenforceable due to a lack of consideration.

### TENTH AFFIRMATIVE DEFENSE

If the plaintiff was injured or damaged as alleged, which the defendant expressly denies, then the alleged injuries or damages were caused by the acts or omissions of third parties for whom the defendant is not legally responsible or liable.

### ELEVENTH AFFIRMATIVE DEFENSE

If the plaintiff was injured as alleged, then it was as a result of their own negligence to such a degree that their recovery must be barred.

### TWELFTH AFFIRMATIVE DEFENSE

If the plaintiff was injured as alleged, then it was as a result of their own negligence to such a degree that their recovery must be proportionally reduced in accordance with G.L. c. 231, Section 85.

### THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of waiver and/or estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter of this action.

### FIFTEENTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over the defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join necessary parties pursuant to Mass. R. Civ. P. 19.

## SEVENTEENTH AFFIRMATIVE DEFENSE

If the plaintiff was injured or damaged as alleged, such injury or damage was caused by the intervening acts of third parties which were a superseding cause of the alleged injury or damage.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiff has failed to exhaust his administrative remedies.

## NINETEENTH AFFIRMATIVE DEFENSE

The plaintiff's state law claims are preempted.

THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,
BeneFirst LLC
By Its Attorneys,

_____
Mark J. Ventola, Esq.
BBO# 549570
Sheehan Phinney Bass + Green, PA
260 Franklin Street
Suite 1901
Boston, MA 02110
617-897-5630

Dated: March 15, 2004

## Certificate of Service

I, Mark J. Ventola, do hereby certify that on this 15th day of March 2004, I served the foregoing, by first-class mail, upon:

Melissa S. Connors, Esq.
P.O. Box 98
Swansea, MA 02777

Richard E. Burke, Jr., Esq.
Beauregard Burke & Franco
32 William Street
New Bedford, MA 02741

_____
Mark J. Ventola